IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS

**FILED**
March 18, 2022 01:07 PM
SX-2019-CV-00629
**TAMARA CHARLES**
**CLERK OF THE COURT**



## SUPERIOR COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | |
|---|---|
| **VERNAL EZEKIEL HERBERT,** | **Civil No. SX-19-CV-629** |
| **PLAINTIFF,** | **ACTION FOR DAMAGES** |
| v. | **JURY TRIAL DEMANDED** |
| **NATIONAL INDUSTRIAL SERVICES, LLC,** | |
| **DEFENDANT.** | **CITE AS: 2022 VI SUPER 29** |

**Appearances:**
**Eugenio W.A. Geigel-Simounet, Esq.**
GS Law Offices P.C.
St. Croix, U.S. Virgin Islands
*For Plaintiff*

**Gaylin Vogel**
Kevin F. D'Amour, P.C.
St. Thomas, U.S. Virgin Islands
*For Defendant*

### <u>MEMORANDUM OPINION AND ORDER</u>

**WILLOCKS, Presiding Judge**

¶ 1    **THIS MATTER** came before the Court on Defendant National Industrial Services, LLC's

(hereinafter "Defendant") motion to dismiss or in the alternative, motion to stay pending

arbitration and motion to dismiss Count I for failure to state a claim upon which relief can be

granted, filed on January 18, 2022.[1] In response, Plaintiff Vernal Ezekiel Herbert (hereinafter

"Plaintiff") filed an opposition, and Defendant filed a reply thereto.

---

[1] This motion was joined with Defendant's motion to set aside entry of default and motion to dismiss or in the alternative, motion to stay, filed on January 18, 2022. Defendant's January 18, 2022 motion actually consisted of three separate motions: (i) a motion to set aside entry of default, (ii) a motion to dismiss or in the alternative, motion to stay pending arbitration, and (iii) a motion to dismiss Count I for failure to state a claim upon which relief can be granted.

On February 19, 2022, the Court entered an order whereby the Court disposed of Defendant's motion to set aside entry of default. Thus, the Court will address the motion to dismiss or in the alternative, motion to stay pending arbitration,

## BACKGROUND[2]

¶ 2     On December 17, 2019, Plaintiff filed a complaint against Defendant in connection with Plaintiff's employment with Defendant. In his complaint, Plaintiff alleged the following cause of action: Count I for civil rights violations, Count II for wrongful discharge, and Count III for punitive damages.[3] (Compl. 1-2.)

¶ 3     On January 18, 2022, Defendant filed this instant motion to dismiss or in the alternative, motion to stay.

## DISCUSSION

### I.     Motion to Dismiss or in the Alternative, Motion to Stay Pending Arbitration

¶ 4     In its motion, Defendant argued that "[t]his Court must dismiss the Complaint in favor of arbitration as the claims are governed by the Arbitration Agreement" or "[i[n the alternative,… issue a stay pending arbitration." (Motion, p. 5.) Defendant made the following assertions in support of its argument: (i) "As part of [Plaintiff's] employment paperwork, he signed an arbitration agreement where he agreed to arbitrate all disputes related to his employment." (Motion, p. 2.); (ii) "The arbitration agreement is a valid contract." (Id., at p. 4); (iii) "The arbitration agreement specifically states it shall govern all disputes or controversies arising out of [sic] related to the relationship between [Plaintiff] and [Defendant], and any termination of his employment with [Defendant]." (Id., at pp. 4-5); and (iv) "The contract also touches on interstate.

---

and the motion to dismiss Count I for failure to state a claim upon which relief can be granted together in this memorandum opinion and order.

[2] A thorough description of the procedural background is provided in the Court's February 19, 2022 order.

[3] The Court must note that in *Bertrand v. Mystic Granite & Marble, Inc.*, the Virgin Islands Supreme Court affirmed the Superior Court's ruling that "a request for punitive damages is not an independent cause of action." 63 V.I. 772, 784 n.6 (V.I. 2015); *see also, Der Weer v. Hess Oil V.I. Corp.*, 60 V.I. 91, 95 n.1 (V.I. Super. Ct. 2014) ("Although labeled as a 'claim' for punitive damages in the complaint, punitive damages is not a separate cause-of-action, but rather a demand for a certain type of damages.").

The Limetree Bay refinery exports oil out of the territory." (*Id.*, at p. 5.) A copy of a document titled "Arbitration Policy and Dispute Resolution Program," dated August 29, 2017, executed by Plaintiff and Defendant was attached as an exhibit to the motion.

¶ 5    In his opposition, Plaintiff argued that the Court should deny Defendant's motion. Plaintiff indicated that he "incorporates and adopts by references the arguments contained in [his motion for relief from the February 19, 2022 order]," (Opp., p. 2), and made the following assertion in support of his argument: "The Defendant after having defaulted and the facts claimed having been deemed admitted, Defendant has waived its defenses including the claim for arbitration clause (request for stay)." (*Id.*, at pp. 3-4.)

¶ 6    In its reply, Defendant reiterated his argument that this matter is subject to the Arbitration Agreement. (Reply, at p. 3.)

## A. Standard of Review

¶ 7    In *Whyte v. Bockino*, the Virgin Islands Supreme Court determined that Federal Arbitration Act (hereinafter "FAA") applies to the Virgin Islands but the "party seeking to compel arbitration must not only show that an agreement to arbitrate exists, but also show that the contract evidences an interstate nexus." 69 V.I. 749, 760-61 (V.I. 2018) ("*Whyte II*"). "In ruling on a motion to compel arbitration, the court must first determine whether the parties agreed to arbitrate and then whether they agreed to arbitrate the claims at issue, unless they agreed otherwise," *Cornwall v. V.I. Indus. Maint. Corp.*, 71 V.I. 203, 224 (Super. Ct. Aug. 26, 2019) (citing *Whyte II*, 69 V.I. at 7630 ("[I]n the absence of an agreement to the contrary ... [courts] are limited to determining ... which subjects the parties have agreed to arbitrate, according to their contract.") (quotation marks, brackets, ellipsis and citations omitted)). "'General principles of contract apply' to these determinations." *Id.* (quoting *Whyte II*, 69 V.I. at 764). Once the court concludes that the parties

agreed to arbitrate some or all of the claims at issue, assuming the parties did not leave the arbitrability issue to the arbitrator, then the court must determine whether the parties' contract has an interstate nexus. *See Id.* As the *Whyte II* court explained, "the burden on the compelling party to show that a contract evidences an interstate nexus is relatively low" and "for an interstate nexus to exist, the parties' agreement need not be *in* interstate commerce nor have a *substantial* effect on interstate commerce." 69 V.I. at 761 (citations omitted) (emphasis in original). In other words, "the contract between the parties need only 'affect[ ] interstate commerce,' such as where the economic activities of at least one of the parties demonstrates a nexus to interstate commerce." *Id.* (citations omitted). "It is apparent then, that the FAA applies to the Virgin Islands when an interstate nexus can be demonstrated." *Ayala v. World Fresh Mkt.*, No. SX-20-CV-728, 2021 V.I. LEXIS 53, at *2 (V.I. Super. Ct. Feb. 10, 2021).

### B. Analysis

#### 1. Whether the FAA is Applicable

##### a. Agreement to Arbitrate

¶ 8    The document titled "Arbitration Policy and Dispute Resolution Program" (hereinafter "Arbitration Agreement") provides in relevant part:

> During the term of your employment with National Industrial Services, LLC, and any of its subsidiaries, successor or assigns (collectively and individually, the "Company"), differences may arise between the Company or Third Party beneficiaries (defined below) and you in relation to your employment or your presence at any Company or Third Party Beneficiaries work site. You agree that all disputes between you and the Company and Third Party Beneficiaries will be decided by arbitration.
>
> . . .
>
> This arbitration policy and dispute resolution program extends to disputes with or claims against the Company or Third Party Beneficiaries and survive the termination of any employment, application for employment, or other change in employment or the

termination of any contract for the performance of services by any non-employee person or entity for the Company.

...

**By signing below you acknowledge that you understand the foregoing arbitration policy and dispute resolution program, and agree to be bound by, and voluntarily participate, in the arbitration policy and dispute resolution program, and that such acknowledgement and agreement is a condition of your application and/or employment (or continued employment) with the Company and of being permitted on the premises of Limetree Bay Terminals, LLC.**

(Motion, Exhibit 2-Arbitration Agreement.)

The Arbitration Agreement was executed by Plaintiff, Defendant, and a witness. Based on the foregoing, the Court finds that an agreement to arbitrate exists between Plaintiff and Defendant.

### b. Interstate Commerce

¶ 9    In its motion, Defendant alleged that "[t]he Limetree Bay refinery exports oil out of the territory, it is not a simple domestic production for domestic operation." (Motion, p. 5.) While the Court finds that Limetree Bay Terminals, LLC, while operating the Limetree Bay oil refinery, engages in interstate commerce, Defendant never clarified its connection with Limetree Bay refinery or Limetree Bay Terminals, LLC, or explained its own interstate nexus. Nevertheless, the Arbitration Agreement indicated that Limetree Bay Terminals, LLC is a client of Defendant and that the Arbitration Agreement was executed in connection with Plaintiff's "application and/or employment (or continued employment) with [Defendant] and of being permitted on the premises of Limetree Bay Terminals, LLC." (Motion, Exhibit 2-Arbitration Agreement.) As such, the Court finds that the Arbitration Agreement evidences an interstate nexus, as even the slightest nexus is sufficient. *See Whyte II*, 69 V.I. at 761 ("the burden on the compelling party to show that a contract evidences an interstate nexus is relatively low" and "for an interstate nexus to exist, the parties' agreement need not be *in* interstate commerce nor have a *substantial* effect on interstate

commerce") (citations omitted) (emphasis in original), *see also, Hendricks v. Pinnacle Services, LLC*, 72 V.I. 630 (finding that in reviewing a motion for summary Judgment that the parties should not have to file another brief regarding the interstate nature of the business due to further briefing being a waste of judicial resources).

¶ 10    Based on the foregoing, the FAA is applicable in this instance, and this matter should be arbitrated.

### 2. Whether This Matter Should be Dismissed or Stayed Pending Arbitration

¶ 11    The Court must now determine whether this matter should be dismissed or stayed pending arbitration. In its motion, Defendant argued that "[t]he Court must dismiss the Complaint in favor of arbitration as the claims are governed by the Arbitration Agreement." However, Defendant's argument that this matter must be dismissed was perfunctory and made without supporting authority. *See* V.I. R. Civ. P. 11(b)(5) ("By presenting to the court a pleading, written motion, or other paper -- whether by signing, filing, submitting, or later advocating it -- an attorney or self-represented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:...(5) that the applicable Virgin Islands law has been cited, including authority for and against the positions being advocated by the party."); *see also, The Litwin Corp. v. Universal Oil Prods. Co.*, 69 V.I. 380, 387 (V.I. Super. Ct. Sept. 28, 2018) ("[I]t is not the Court's job to research and construct legal arguments open to parties. In order to develop a legal argument effectively, the facts at issue must be bolstered by relevant legal authority; a perfunctory and undeveloped assertion is inadequate.") (internal quotation marks and citation omitted). The Court declines to make such argument for Defendant. *See Joseph v. Joseph*, 2015 V.I. LEXIS 43, *5 (V.I. Super. Ct. Apr. 23, 2015) ("[I]n general, the Court will not make a movant's arguments for him when he has failed to do so."). As

such, the Court will deny the motion to dismiss pending arbitration and grant the motion to stay

pending arbitration and stay this matter pending the completion of arbitration.[4]

**II.     Motion to Dismiss Count I for Failure to State a Claim Upon Which Relief can be Granted**

¶ 12     In light of the Court's finding that this matter should be arbitrated and the fact that parties

explicitly agreed in the Arbitration Agreement that "[t]he arbitrator shall have authority to hear

and rule on a motion to dismiss and/or a motion for summary judgment by any party,"[5] the Court

finds that the arbitrator should decide on Defendant's motion to dismiss Count I for failure to state

a claim upon which relief can be granted. As such, the Court will strike this motion and if

Defendant wishes to pursue this motion, he can re-file it before the arbitrator.

## CONCLUSION

Based on the foregoing, it is hereby:

**ORDERED** that Defendant's motion to dismiss or in the alternative, motion to stay

pending arbitration, filed on January 18, 2022, is **DENIED** as to the motion to dismiss pending

arbitration and **GRANTED** as to the motion to stay pending arbitration. The parties shall

---

[4] Interestingly, Defendant never pointed out that, under the Arbitration Agreement, the parties had agreed that all substantive and procedural arbitrability shall be decided by arbitration. More specifically, the Arbitration Agreement provides:

> The arbitrator shall have authority to hear and rule on a motion to dismiss and/or a motion for summary judgment by any party. The arbitrator shall also arbitrate the issue of arbitrability of any claim... All matters of substantive and procedural arbitrability shall be decided by arbitration.

(Motion, Exhibit 2-Arbitration Agreement.)

As such, until Defendant or Plaintiff advised the Court that they had arbitrated as to the procedural issue of whether this matter should be dismissed or stayed pending arbitration and that the arbitrator decided that dismissal of this matter is appropriate, this matter will be stayed pending arbitration. *See e.g., Smith*, 2021 V.I. LEXIS 3 at \*\*9-10 ("But if the agreement contains a delegation clause, or a provision agreeing that the arbitrator and not the court will decide both substantive and procedural arbitrability issues, then all questions concerning arbitration are for the arbitrator to decide.") (citing *Whyte II*, 69 V.I. at 763 ("'[I]n the absence of an *agreement to the contrary*, issues of substantive arbitrability are for a court to decide and issues of procedural arbitrability ...are for the arbitrators to decide.'" (emphasis added) (citation and ellipsis omitted)).

[5] *See* Id.

**ARBITRATE** this matter and this matter shall be **STAYED PENDING ARBITRATION**. It is further:

**ORDERED** that Defendant's motion to dismiss Count I for failure to state a claim upon which relief can be granted, filed on January 18, 2022, shall be and is hereby **STRICKEN**. It is further:

**ORDERED** that, **within sixty** **(60) days from the date of entry of this Memorandum Opinion Order**, the parties shall initiate arbitration proceedings, and that, **within five (5) days from the date of initiation of arbitration**, Parties shall file a notice advising the Court that the parties have initiated arbitration proceedings. It is further:

**ORDERED** that arbitration shall be completed on or before **September 31, 2021. And** it is further:

**ORDERED** that, **within fifteen (15) days from the date of completion of arbitration**, the parties shall file a joint notice with the Court advising the Court that the parties have completed arbitration and whether this conflict has been completely resolved.

**DONE and so ORDERED this** 18th **day of March, 2022.**

**ATTEST:**
Tamara Charles
Clerk of the Court

By: _____
Court Clerk Supervisor II
Dated: 3/18/2022

HAROLD W.L. WILLOCKS
**Presiding Judge of the Superior Court**